JS-CAND 44 (Rev. 07/19)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HARI PAL

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*
MODESTO

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
STEVE WHITWORTH 916 668 5970
9245 LAGUNA SP PR, SUITE 2W E.G. 95758

### DEFENDANTS
USEBPA; CITY OF AND COUNTY S.F.;
SAN MATEO COUNTY, CITY OF MODESTO, CITY OF
MODESTO POLICE DEPT

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
SAN FRANCISCO

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | **PERSONAL INJURY** |  | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 365 Personal Injury – Product Liability | **LABOR** | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | 710 Fair Labor Standards Act | **PROPERTY RIGHTS** |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 820 Copyrights |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | 740 Railway Labor Act | 830 Patent |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 751 Family and Medical Leave Act | 835 Patent–Abbreviated New Drug Application |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 790 Other Labor Litigation | 840 Trademark |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | **SOCIAL SECURITY** |
| 195 Contract Product Liability | 362 Personal Injury -Medical Malpractice | 385 Property Damage Product Liability | **IMMIGRATION** | 861 HIA (1395ff) |
| 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 462 Naturalization Application | 862 Black Lung (923) |
| **REAL PROPERTY** | [x] 440 Other Civil Rights | **HABEAS CORPUS** | 465 Other Immigration Actions | 863 DIWC/DIWW (405(g)) |
| 210 Land Condemnation | 441 Voting | 463 Alien Detainee |  | 864 SSID Title XVI |
| 220 Foreclosure | 442 Employment | 510 Motions to Vacate Sentence |  | 865 RSI (405(g)) |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General |  | **FEDERAL TAX SUITS** |
| 240 Torts to Land | 445 Amer. w/Disabilities– Employment | 535 Death Penalty |  | 870 Taxes (U.S. Plaintiff or Defendant) |
| 245 Tort Product Liability | 446 Amer. w/Disabilities–Other | **OTHER** |  | 871 IRS–Third Party 26 USC § 7609 |
| 290 All Other Real Property | 448 Education | 540 Mandamus & Other |  |  |
|  |  | 550 Civil Rights |  |  |
|  |  | 555 Prison Condition |  |  |
|  |  | 560 Civil Detainee– Conditions of Confinement |  |  |

OTHER STATUTES (continued):
430 Banks and Banking
450 Commerce
460 Deportation
470 Racketeer Influenced & Corrupt Organizations
480 Consumer Credit
485 Telephone Consumer Protection Act
490 Cable/Sat TV
850 Securities/Commodities/ Exchange
890 Other Statutory Actions
891 Agricultural Acts
893 Environmental Matters
895 Freedom of Information Act
896 Arbitration
899 Administrative Procedure Act/Review or Appeal of Agency Decision
950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation–Transfer
- [ ] 8 Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:
JUDGE
DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*
- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE
- [ ] EUREKA-MCKINLEYVILLE

DATE 9/17/2020  SIGNATURE OF ATTORNEY OF RECORD  /S/ Steve Whitworth

[Print]  [Save As...]  [Reset]

Steve Whitworth, Esq. (SBN: 249111)
**Law Office of Steve Whitworth**
9245 Laguna Springs Drive, Suite 200
Elk Grove, CA 95758
Telephone: 916-668-5970
Facsimile: 916-668-5971
Email: steve@stevewhitworth.com

Attorney for Hari Pal, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hari Pal, Jr., Priya Devi,<br><br>          Plaintiffs,<br><br>     v.<br><br>United Stated Customs and Border Protection Agency of the United States Department of Homeland Security; City and County of San Francisco; San Mateo County; City of Modesto; City of Modesto Police Department, and Does 1-50,<br><br>          Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES, WITH DEMAND FOR JURY TRIAL**<br><br>Causes of Action<br><br>1. Violation of 4th and 14th Amendments to the United States Constitution;<br>2. Violation of 8th and 14th Amendments to the United States Constitution;<br>3. Violation of 42 United States Code §1983;<br>4. Violation of Art. 1 Section 7 of the California Constitution ;<br>5. False Imprisonment. |

Plaintiffs and Relator allege as follows:

## I.    INTRODUCTION

1.    This is an action to recover damages caused to the Plaintiffs arising from the wrongful disruption of Plaintiffs' travel by imprisonment of one of the Plaintiffs in violation of the United States and California Constitutions and other legal rights.

///

///

1

## II.  JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §1331, because the initial and the majority of the acts alleged occurred in this district and this case involves questions of United States constitutional and federal law.

3. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

4. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants United Stated Customs and Border Protection Agency of the United States Department of Homeland Security, City and County of San Francisco, and County of San Mateo all operate in this District, and a substantial part of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

5. Pursuant to Local Rule 3-2(c) & (d) of this District, assignment to the San Francisco Division of this Court is proper because a substantial part of the events giving rise to Plaintiffs' claims occurred in the San Francisco International Airport and in San Mateo County.

## III.  Nature of This Action

6. This is an action brought pursuant to Amendments 4, 8 and 14 of the United States Constitution, Article 1 of the California Constitution, and federal and California state law.

7. Plaintiffs seek redress for the loss of their vacation, embarrassment and frustration among other damages stemming from the greater harm of deprivation of liberty of Plaintiff Pal by arrest for alleged violation of a Protective Order that had been terminated years before and was no longer in force.

8. Plaintiffs seek general damages, special damages and attorney's fees in redress for the harm done to them.

2

## IV. Parties

9. Plaintiff Hari Pal, Jr. is a natural person currently residing in Sacramento County, in the State of California.

10. Plaintiff Playa Devi is a natural person currently residing in Sacramento County, in the State of California.

11. The United Stated Customs and Border Protection Agency of the United States Department of Homeland Security is an agency of the United States Government operating within the San Francisco International Airport pursuant to 19 U.S. Code §1589a.

12. Defendant County of San Mateo is one of the fifty eight counties of the State of California and is a party which operates through its Sherriff's Department the jail to which Plaintiff Pal was taken.

13. Defendant City and County of San Francisco is a charter city and a County of the State of California which owns and operates the San Francisco International Airport within San Mateo County in which Plaintiff Pal was arrested.

14. The City of Modesto is a charter city and a legal entity. However the Modesto Police Department is not a legal entity, but a subpart of the City of Modesto. For that reason references to the City of Modesto include the Modesto Police Department.

15. Defendant Modesto Police Department is a department within the California City of Modesto.

16. Defendants DOES 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend the complaint by inserting their true names and capacities herein.

17. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiffs' damages as herein alleged were actually and proximately caused by those Defendants. Each reference in this complaint to "Defendant," "Defendants," or a specifically named Defendant refers also to all Defendants sued under fictitious names.

18.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of Defendants, including all Defendants sued under fictitious names, was the agent and employee of each of the remaining Defendants, and in doing things hereinafter alleged, was acting within the course and scope of this agency and employment.

## V.     Statement of Facts

19.     Plaintiffs Hari Pal, Jr. and Priya Devi are husband and wife.

20.     Plaintiffs have been married since 2007.

21.     At some point during their marriage, Plaintiffs separated for a period of time.

22.     Related to this separation, Plaintiff Priya Devi obtained a Protective Order (#1410458) in Stanislaus County against her husband.

23.     The said Protective Order prevented Plaintiff Hari Pal, Jr. from coming within 100 yards of Plaintiff Priya Devi and from contacting Plaintiff Priya Devi.

24.     The said Protective Order issued on 12-03-2009 and had a stated expiration date of 12-03-2019.

25.     At some time after obtaining the Protective Order, Plaintiffs reconciled and continued the marriage.

26.     On July 17, 2014 a Notice of Termination of Protective Order In Criminal Proceeding (CLETS) (hereinafter Notice of Termination) was filed. *See a true and accurate copy of the Notice of Termination provided as* **Exhibit A.**

27.     The Notice of Termination included the selection of the optional Order that "The arresting agency or local law enforcement agency is responsible of entry of this order into the Domestic Violence Registry."

28.     Given that this Notice of Termination included reference to the CLETS system and required entry of order into the Domestic Violence Registry, Plaintiffs are informed and believe that the Domestic Violence Registry stated in the order is the CLETS system.

29.     The California Law Enforcement Telecommunications System (CLETS), Plaintiffs are informed and believe, is a system to provide information to courts and law enforcement agencies

4

throughout the State of California about the validity of Protective Orders and Terminations of Protective Orders such as Plaintiffs had obtained.

30. Given the circumstances surrounding this Order, the local law enforcement agency referenced in the Notice of Termination which bore the responsibility of entering this terminating order while not specifically named in the Termination Order was the City of Modesto through its Modesto Police Department.

31. The City of Modesto through its Police Department failed to carry out this order to enter the Notice of Termination into the CLETS system as Plaintiffs later discovered.

32. The California Superior Court, Stanislaus County did not enter the Notice of Termination into the CLETS system.

33. Plaintiffs were unaware and uninformed that the Notice of Termination was not entered into the CLETS system.

34. Therefore both Plaintiffs believed and acted on the belief that the Protective Order had been terminated allowing Plaintiffs to resume living and traveling together and to enjoy the benefits of their marriage.

35. Since both Plaintiffs relied on the Termination Order to have terminated the Protective Order and the California Superior Court, Stanislaus County and/or City of Modesto through its Modesto Police Department to have properly recorded the termination in the Domestic Violence Registry, Plaintiffs went about their lives without any expectation that the Protective Order since terminated might be enforced or any attempt to proactively protect against mistake on the part of the City of Modesto through its Modesto Police Department.

36. Plaintiffs therefore booked a joint vacation to the Bahamas in 2017.

37. Plaintiffs traveled to the Bahamas as planned and returned without incident.

38. At no time related to their vacation or otherwise, was there any event that would lead to Plaintiffs to suppose that the Protective Order was still in place.

39. In 2018, Plaintiffs again planned a vacation.

40. On or about April 14, 2018 a vacation package for two was purchased for Plaintiffs to travel to and from Dubai, United Arab Emirates from September 18 through 28 of 2018 in the

5

amount of $2,998.00. The said vacation package included airfare, hotel, and transportation to and from the hotel and the airport.

41. Plaintiff Hari Pal, Jr. was employed at the time as a truck driver for Sierra Waste Transport, Inc.

42. Plaintiff Hari Pal, Jr. requested and obtained time off from his employer Sierra Waste Transport, Inc. for the purpose of taking the planned vacation.

43. Plaintiff Devi was also employed at the time of vacation.

44. Plaintiff Devi requested and obtained time off from her employer for the purpose of taking the planned vacation.

45. Plaintiffs packed luggage, made arrangements for their residence while they would be absent and otherwise prepared for their vacation.

46. On the afternoon of September 18, 2018 Plaintiffs traveled to the San Francisco International Airport in pursuit of their planned travel to Dubai.

47. At San Francisco International Airport, Plaintiffs checked their luggage and proceeded through security to San Francisco International Airport Gate A9 for departure.

48. Plaintiffs remained at the gate waiting to board as the airline began boarding other passengers.

49. At Gate A9, Plaintiffs' names were called via the intercom system. Plaintiffs assumed that they were being called to board the aircraft.

50. As Plaintiffs approached the Gate A9 desk, they were met by two female United Stated Customs and Border Protection Officers, including a certain Officer Ni (#23469).

51. Officer Ni and her unnamed United Stated Customs and Border Protection Officer partner detained and separated Plaintiffs, taking away their passports.

52. Plaintiffs each independently declared to the United Stated Customs and Border Protection Officer detaining them that parties were reconciled and that the Protective Order was no longer standing and had been terminated.

53. Approximately fifteen minutes after the Plaintiffs were detained, San Francisco Police Department – Airport Bureau Officers DeJesus (#1992), Leo Capovilla (#133) and John Leong

(#228) arrived at Gate A9.

54. Officer Leong spoke with Officer Ni and was shown a printout of the now terminated Protective Order from Stanislaus County.

55. Officer Leong called The City of Modesto, Modesto Police Department to confirm the Protective Order was still operational.

56. City of Modesto, Modesto Police Department employee "Heather" #13092 answered Officer Leong's call with an affirmative statement as to the current nature of the Protective Order.

57. The answer provided by City of Modesto, Modesto Police Department employee "Heather" #13092 was wrong.

58. In addition to information in the CLETS system, Modesto Police should have had the Terminating Order itself in their own records independent of whether it was entered properly into the CLETS or any other system.

59. It is unknown to what system or record City of Modesto, Modesto Police Department employee "Heather" #13092 consulted to wrongly assert that the terminated order was in fact still in force, but it certain that the wrong information was in fact given to the inquiring San Francisco Officer.

60. Based on the wrong information from the Modesto Police Department, Officer Leong arrested Plaintiff Hari Pal, Jr. in front of his wife, Plaintiff Priya Devi, and in front of all the passengers, airline and airport staff then present in the San Francisco International Airport Gate A9.

61. Both Plaintiffs independently objected to the arrest and both referred to the terminating document as ending the Protective Order to each successive law enforcement officer to become involved.

62. Specifically San Francisco Officer Leong reported that Plaintiff Devi showed shock at the arrest and plainly stated that she was reconciled with her husband and the Protective Order had been "rescinded". *See a true and correct copy of Officer Leong's Report attached as **Exhibit B**.*

63. No effort was made on the part of the arresting Officers to confirm the Termination Order with Modesto Police Department or the California Superior Court, Stanislaus County, even after

each Plaintiff independently made them aware of its existence.

64. Especially egregious was the choice to ignore the protestations of Plaintiff Devi who was the protected party in the Protective Order as could be seen by the copy shown to him.

65. When Plaintiff Devi protested the arrest and declared that the Protective Order was "rescinded", it appears that her words and her behavior which was quite consistent with her words were simply ignored.

66. Instead, Plaintiffs were each counseled to contact Legal Counsel.

67. Considering the time of giving the advice, late in the afternoon of Tuesday, September 18, 2018, and the fact that boarding had already begun for a departure time of 4:45 p.m. it is possible but not likely that counsel could be contacted immediately and provide information effectively.

68. Plaintiff Hari Pal, Jr. was then escorted to a vehicle by City and County of San Francisco Officers DeJesus and Yu (#1010) and transported to the San Mateo County Jail for booking.

69. Plaintiff Devi was escorted from the gate to collect their luggage and cancel the vacation.

70. Plaintiff Hari Pal, Jr. was in the San Mateo County Jail for several hours until he was able to obtain and post bail in the amount of $15,000.00 from within the jail.

71. Both Plaintiffs lost their flight and vacation.

72. Plaintiff Hari Pal, Jr. lost his freedom without legal justification and in contradiction to the guarantees of the United States Constitution and California Constitution.

73. Plaintiff Devi suffered humiliation and stress as she was forced to be separated from her husband and abandon their travel plans.

74. Both Plaintiffs suffered embarrassment in front of airport and airline staff and other passengers in the San Francisco International Airport.

75. Both Plaintiffs suffered embarrassment in front of in front of their co-workers, friends and relatives who were interested in their vacation.

### VI.   First Cause of Action:
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution

76. Plaintiffs re-allege and incorporate by reference all of the allegations in the preceding

8

paragraphs as though set forth herein.

77. The Fourth Amendment to the United States Constitution provides that "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."

78. Plaintiff Pal found himself insecure as to his right against seizure as he was detained by the officers of the United Stated Customs and Border Protection Agency of the United States Department of Homeland Security and then arrested by the Officers of the City and County of San Francisco and finally placed in a jail operated by the Sheriff's Department of the County of San Mateo.

79. In fact, Plaintiff Pal found himself arrested and booked into the San Mateo County jail on a Protective Order that had already been terminated.

80. The Fourth Amendment applies to Defendant United Stated Customs and Border Protection Agency of the United States Department of Homeland Security Officers and they violated that fundamental right of Plaintiffs to be secure.

81. The Fourteenth Amendment to the United States Constitution, Section. 1 reads "All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

82. The Fourteenth Amendment applies the Fourth Amendment to the officers of the City and County of San Francisco, San Mateo County, and Modesto Police Department as part of the City of Modesto.

83. Officers of the City and County of San Francisco, San Mateo County, and Modesto Police Department as part of the City of Modesto held Plaintiff Pal on alleged violation of the California Penal Code §273.6.

84. In fact, Plaintiff Pal was not able to violate California Penal Code at the time he was alleged to have done so by the officers of the City and County of San Francisco, San Mateo

1  County, and Modesto Police Department as part of the City of Modesto because there was no
2  Protective Order in places after the Notice of Termination was ordered by the California Superior
3  Court, Stanislaus County.
4  85.    Defendant City and County of San Francisco could have inquired if the Notice of
5  Termination mentioned by each Plaintiff independently was in fact in existence by a second call
6  to the City of Modesto Police Department, but the record provided by the City and County of San
7  Francisco in fact reflects that no attempt was made to verify the allegation of Plaintiffs.
8  86.    A search of the California Superior Court, Stanislaus County website using the last name
9  of Plaintiff Pal brings up the Notice of Termination as the concluding event of the Protective
10  Order in a matter of seconds with minimal effort.
11  87.    Plaintiff Hari Pal, Jr. was booked into the San Mateo County Jail for several hours until he
12  was able to obtain and post bail in the amount of $15,000.00.
13  88.    Both Plaintiffs lost their flight and vacation.
14  89.    Plaintiff Hari Pal, Jr. lost his freedom without legal justification and in contradiction to the
15  guarantees of the Fourth and Fourteenth Amendments to the United States Constitution.
16  90.    Plaintiff Devi suffered humiliation and stress as she was forced to be separated from her
17  husband and abandon their travel plans.
18  91.    Both Plaintiffs suffered embarrassment in front of airport and airline staff and other
19  passengers in the San Francisco International Airport.
20  92.    Both Plaintiffs suffered embarrassment in front of in front of their friends and relatives
21  who were interested in their vacation.
22  93.    Plaintiffs suffered costs and damages in an amount to be shown at trial.

### VII.    Second Cause of Action
### Violation of the Eighth and Fourteenth Amendments to the United States Constitution

94.    Plaintiffs re-allege and incorporate by reference all of the allegations in the preceding
paragraphs as though set forth herein.
95.    The Eighth Amendment to the United States Constitution reads "Excessive bail shall not

be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

96. Plaintiff Pal found himself required to pay bail in order to be released from the San Mateo County Jail by the successive actions of the Defendant United Stated Customs and Border Protection Agency of the United States Department of Homeland Security Officers, Officers of Defendant City and County of San Francisco, San Mateo County, and the Modesto Police Department as part of the City of Modesto.

97. In fact, Plaintiff Pal found himself arrested and booked into the San Mateo County jail on a Protective Order that had already been terminated.

98. Officers of the City and County of San Francisco, San Mateo County, and Modesto Police Department as part of the City of Modesto held Plaintiff Pal on alleged violation of the California Penal Code §273.6.

99. In fact, Plaintiff Pal was not able to violate California Penal Code at the time he was alleged to have done so by the officers of the City and County of San Francisco, San Mateo County, and Modesto Police Department as part of the City of Modesto because there was no Protective Order in place after the Notice of Termination was ordered by the California Superior Court, Stanislaus County.

100. Plaintiff Pal was therefore required to post bail for an alleged violation of a Protective Order than in fact no longer existed.

101. Defendant City and County of San Francisco could have inquired if the Notice of Termination mentioned by each Plaintiff independently was in fact in existence by a second call to the City of Modesto Police Department, but the record provided by the City and County of San Francisco in fact reflects that no attempt was made to verify the allegation of Plaintiffs.

102. A search of the California Superior Court, Stanislaus County website using the last name of Plaintiff Pal brings up the Notice of Termination as the concluding event of the Protective Order in a matter of seconds with minimal effort.

103. Plaintiff Hari Pal, Jr. was booked into the San Mateo County Jail for several hours until he was able to obtain and post bail in the amount of $15,000.00.

104. The money spent by Plaintiff Pal to post bail was non-refundable.

105. The money spent on bail was community property funds and therefore was a damage to both Plaintiffs.

106. Plaintiffs suffered costs and damages in an amount to be shown at trial.

### VIII.  Third Cause of Action
### Violation of 42 United States Code §1983

107. Plaintiffs re-allege and incorporate by reference all of the allegations in the preceding paragraphs as though set forth herein.

108. The United States Code Title 42 §1983 states that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

109. Plaintiff Pal found himself deprived of his liberty without due process of law by first the federal Officers of Defendant United Stated Customs and Border Protection Agency of the United States Department of Homeland Security and then by Defendants City and County of San Francisco, San Mateo County, and Modesto Police Department as part of the City of Modesto.

110. Officers of the United Stated Customs and Border Protection Agency of the United States Department of Homeland Security, City and County of San Francisco, San Mateo County, and Modesto Police Department as part of the City of Modesto held Plaintiff Pal on alleged violation of the California Penal Code §273.6.

111. In fact, Plaintiff Pal was not able to violate California Penal Code at the time he was alleged to have done so by the officers of the City and County of San Francisco, San Mateo County, and Modesto Police Department as part of the City of Modesto because there was no Protective Order in places after the Notice of Termination was ordered by the California Superior Court, Stanislaus County.

112. Defendant City and County of San Francisco could have inquired if the Notice of

Termination mentioned by each Plaintiff independently was in fact in existence by a second call to the City of Modesto Police Department, but the record provided by the City and County of San Francisco in fact reflects that no attempt was made to verify the allegation of Plaintiffs.

113. A search of the California Superior Court, Stanislaus County website using the last name of Plaintiff Pal brings up the Notice of Termination as the concluding event of the Protective Order in a matter of seconds with minimal effort.

114. In fact, Plaintiff Pal found himself arrested and booked into the San Mateo County jail on a Protective Order that had already been terminated.

115. Plaintiff Hari Pal, Jr. was booked into the San Mateo County Jail for several hours until he was able to obtain and post bail in the amount of $15,000.00.

116. Both Plaintiffs lost their flight and vacation.

117. Plaintiff Hari Pal, Jr. lost his freedom without legal justification and in violation of United States Code Title 42 §1983.

118. Plaintiff Devi suffered humiliation and stress as she was forced to be separated from her husband and abandon their travel plans.

119. Both Plaintiffs suffered embarrassment in front of airport and airline staff and other passengers in the San Francisco International Airport.

120. Both Plaintiffs suffered embarrassment in front of in front of their co-workers, friends and relatives who were interested in their vacation.

121. Plaintiffs suffered costs and damages in an amount to be shown at trial.

### IX.  Fourth Cause of Action
### Violation of the California State Constitution, Article 1, §7

122. Plaintiffs re-allege and incorporate by reference all of the allegations in the preceding paragraphs as though set forth herein.

123. The California Constitution provides in Article 1, Section 7(a) that "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws."

124. Plaintiff Pal found himself deprived of his liberty without due process of law by first federal Customs Officers and subsequently City and County of San Francisco Officers, San Mateo County Sherriff Officers, and because of the actions or omissions of the Modesto Police a Department of the City of Modesto.

125. In fact, Plaintiff Pal found himself arrested and booked into the San Mateo County jail on a Protective Order that had already been terminated.

126. Plaintiff Hari Pal, Jr. was booked into the San Mateo County Jail for several hours until he was able to obtain and post bail in the amount of $15,000.00.

127. Both Plaintiffs lost their flight and vacation.

128. Plaintiff Hari Pal, Jr. lost his freedom without legal justification and in contradiction to the guarantees of the California Constitution Article 1, Section 7(a).

129. Plaintiff Devi suffered humiliation and stress as she was forced to be separated from her husband and abandon their travel plans.

130. Both Plaintiffs suffered embarrassment in front of airport and airline staff and other passengers in the San Francisco International Airport.

131. Both Plaintiffs suffered embarrassment in front of in front of their co-workers, friends and relatives who were interested in their vacation.

132. Plaintiffs suffered costs and damages in an amount to be shown at trial.

### X.   Fifth Cause of Action:
### False Imprisonment

133. Plaintiffs re-allege and incorporate by reference all of the allegations in the preceding paragraphs as though set forth herein.

134. The definition of the offense of false imprisonment is the same whether alleged as a tort or a crime, *Dillon v. Haskell*, 78 Cal.App.2d 814, 816, (1947). False imprisonment, as defined in California Penal Code §236, is the unlawful violation of the personal liberty of another.

135. Plaintiff Pal found himself deprived of his liberty without lawful reason to do so first by federal Customs and Border Officers and subsequently by City and County of San Francisco

Officers and County of San Mateo Officers.

136. In fact, the arrest of Plaintiff PAL was unlawful as he was not able to violate California Penal Code at the time he was alleged to have done so by the federal United States Customs and Border Officers and by the officers of the City and County of San Francisco, and San Mateo County, upon the advice and consent of the Modesto Police Department as part of the City of Modesto because there was no Protective Order in place after the Notice of Termination was ordered by the California Superior Court, Stanislaus County.

137. Plaintiff Pal found himself arrested and booked into the San Mateo County jail on a Protective Order that had already been terminated.

138. Plaintiff Hari Pal, Jr. was booked into the San Mateo County Jail for several hours until he was able to obtain and post bail in the amount of $15,000.00.

139. Plaintiff Hari Pal, Jr. lost his freedom without legal justification and without his consent.

140. Plaintiffs suffered costs and damages in an amount to be shown at trial.

## XI. Prayer for Relief

Wherefore Plaintiffs pray for relief as follows:

1. General Damages according to proof;
2. Special damages according to proof;
3. For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law;
4. For reasonable attorneys' fees and costs of suit;
5. For such other and further relief as the Court may deem proper.

## XII. Demand for a Jury Trial

Plaintiffs hereby demand a jury trial in the within entitled action.

Dated: June 12, 2020                                    Law Office of Steve Whitworth

15

*// Steve Whitworth*

Steve Whitworth, Esq.
Attorney for Plaintiffs