UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAL HARI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>    Defendants. | Case No. 20-cv-06523-HSG<br><br>**ORDER TO SHOW CAUSE WHY COUNSEL SHOULD NOT BE REFERRED TO THE COURT'S STANDING COMMITTEE ON PROFESSIONAL CONDUCT** |

On March 23, 2021, the Court dismissed this case for failure to prosecute. Dkt. No. 34. The Court did so after Plaintiffs failed to oppose or otherwise respond to Defendants' motions to dismiss, then failed to respond to an order to show cause why the case should not be dismissed for failure to prosecute. *Id.*

On March 30, 2021, Plaintiffs' counsel filed a document styled "Declaration of Steve Whitworth," along with declarations from his office staff and attached email correspondence with opposing counsel. Dkt. No. 35. The declarations make no mention of counsel's failure to oppose the motions to dismiss or respond to the order to show cause, and do not refer to events in this case at all. The gist of the declarations is that counsel was in trial in a criminal case between February 26 and March 22, 2021, with the result that counsel gave "a lack of attention to incoming emails." *Id.* at 1-2. Counsel's declaration avers that "[n]ow that trial is over, The Law Office of Steve Whitworth is taking every preventative measure to avoid missing any and all future incoming electronic correspondence." *Id.* at 2.

This mysterious filing (even assuming it was intended to respond belatedly to the order to show cause) is entirely deficient for a number of reasons. First, the oppositions to the motions to dismiss were due on January 14, 2021, around six weeks before the start of the trial described in counsel's declaration. There was ample time to negotiate an extension if needed, as opposed to

simply ignoring multiple deadlines.  Second, the problem here was not "lack of attention to emails."  The problem was that counsel missed multiple court-ordered deadlines and failed to respond at all to the Court's order to show cause, with the damaging result that his clients' case has now been dismissed based on these failures.  Third, because the declarations are so generic and focus on counsel's internal operations, they do not in any way apologize for (or even address) the prejudice to Plaintiffs that resulted from counsel's neglect of his duties, and they propose no solution.  In short, this filing raises more questions than it answers, and suggests that counsel has fallen short of fulfilling his professional and ethical obligations to his clients in this case.

Accordingly, Plaintiffs' counsel is **ORDERED TO SHOW CAUSE** by April 13, 2021 why the Court should not refer him to this District's Standing Committee on Professional Conduct.  *See* Civil Local Rule 11-6(a)(1).

**IT IS SO ORDERED.**

Dated: 4/6/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

2