**LAW OFFICE OF STEVE WHITWORTH**
Steve Whitworth [SBN: 249111]
9245 laguna Springs Dr., Suite 200
Elk Grove, CA 95758
 [Tel]: 916.668.5970
 [Fax]: 916.668.5971
steve@stevewhitworth.com

Attorney for Plaintiffs:
**PAL HARI, JR., and PRIYA DEVI**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARI PAL, Jr., and PRIYA DEVI,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>Defendants. | Case No. 20-cv-06523-HSG<br><br>**RE - NOTICE AND MOTION TO VACATE JUDGMENT PURSUANT TO FED. R. Civ. P. 60(b); MEMORANDUM IN SUPPORT**<br><br>**Date:       July 15, 2021**<br>**Time:        2:00 pm**<br>**Courtroom: 4, 3rd Floor**<br>**Judge: Hon. Haywood S. Gilliam, Jr.** |

## I. NOTICE AND MOTION

PLEASE TAKE NOTICE THAT on (July 15, 2021) at (2:00 pm ) at Courtroom 4 before the Honorable Judge Haywood S. Gilliam, Jr., Plaintiffs PAL HARI, JR., and PRIYA DEVI, by and through their counsel, will, and hereby do, move this Court for an Order Vacating the Dismissal of this action. This motion will be based upon this Notice and Motion, the following Memorandum of Points and Authorities in Support, and the concurrently-filed Declaration of Steve Whitworth, Esq.

## II. ISSUES TO BE DECIDED

1. Was the neglect, mistake or inadvertence of Plaintiffs' Counsel excusable?

2. Does this excusable neglect support vacating the dismissal and allowing the case to be heard on its merits?

### III. MEMORANDUM OF POINTS AND AUTHORITIES

**A.** <u>**Statement of Facts**</u>

On September 17, 2020, Plaintiffs filed the complaint in this matter seeking recompense for the unwarranted arrest and detention of Plaintiff, caused by the failure of the Modesto Police Department to update the CLETS database in accordance with their normal job duties. [*Declaration of Steve Whitworth, at par. 3.*]

Defendants City and County of San Francisco and County of San Mateo were named due to their hands-on involvement, in order to preserve Plaintiffs' rights until a full investigation could be completed. [*Declaration of Steve Whitworth, at par. 4.*]

On December 31, 2021, Defendant San Francisco filed a motion to dismiss. [*Declaration of Steve Whitworth, at par. 5.*]

On DATE, the father of Plaintiff's counsel passed away, and counsel was understandably absorbed in the end-of-life process and personal grief for a short duration. [*Declaration of Steve Whitworth, at par. 6.*]

However, that duration was ill-timed for Plaintiffs' case and coincided with the response time for Defendant's motion to dismiss filed on December 31, 2020. [*Declaration of Steve Whitworth, at par. 7*]

Due to his family emergency, Plaintiffs' Counsel was unfortunately unaware of the filing and response deadline for the Motion to Dismiss. [*Declaration of Steve Whitworth, at par. 8.*]. The email was missed and not reviewed until much too late.

Plaintiffs' counsel missed the filing deadline for the Motion to Dismiss, and on February 26, 2021, the Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute. [*Declaration of Steve Whitworth, at par. 9.*]

The deadline to respond to the Order was set for March 19, 2021. [*Declaration of Steve Whitworth, at par. 10.*]

Beginning on February 26, 2021, Plaintiffs' counsel was conducting a criminal trial in a complex, multi-victim, "Life" sexual assault case. [*Declaration of Steve Whitworth, at par. 11. And*

*exhibit 2 a true and correct copy of the Sacramento Superior Court "online" Docket of Case No. 19FE004065 People v. Paul Burraston*]

The criminal trial ended on March 23, 2021. [*Declaration of Steve Whitworth, at par. 12.*]

On March 12, 2021, Plaintiffs' counsel emailed Defendants' counsel to apologize for the lack of communication and explain that he was in trial. [*Declaration of Steve Whitworth, at par. 13.*]

On March 15, 2021, Plaintiff's counsel prepared a two-page response in accordance with the Court's Order to Show Cause stating the facts of his father's passing (attached as EXHIBIT 1 to the concurrently filed declaration of Steve Whitworth, Esq.). [*Declaration of Steve Whitworth, at pars. 14, 22.*]

The response did not oppose dismissal as to the filing Defendants and sought only to maintain the complaint as to the Modesto Defendants. [*Declaration of Steve Whitworth, at par. 15.*]

On March 17, 2021, Plaintiffs' Counsel prepared and directed his office staff to file the ADR certification, which was successfully filed that same day. [*Declaration of Steve Whitworth, at par. 16.*]

On March 19, 2021, Plaintiffs' counsel directed his office staff to file the response the same day. Said office staff confirmed via phone to Counsel that the filing had been completed that day. [*Declaration of Steve Whitworth, at par. 17.*]

In fact, office staff for Plaintiffs' Counsel did not file the document. [*Declaration of Steve Whitworth, at par. 18.*]

On March 23, 2021, the Court dismissed the case for failure to prosecute. [*Declaration of Steve Whitworth, at par. 19.*]

On March 30, 2021, Plaintiffs' counsel and office staff filed declarations attempting to explain the trial schedule of Plaintiffs' counsel and apologizing for missing the filing deadlines. [*Declaration of Steve Whitworth, at par. 20.*]

Thereafter, Plaintiffs' Counsel learned that his office staff had confused the filing of the OSC response with the filing of the ADR certification and provided a mistaken confirmation to Plaintiffs' Counsel regarding the filing of the OSC response. [*Declaration of Steve Whitworth, at par. 21.*]

On April 6, 2021, the Court issued an Order to Show Cause as to why Plaintiffs' counsel should not be referred to the Committee on Professional Ethics. [*Declaration of Steve Whitworth, at par. 22.*]

**B.  Argument**

    1.  Legal Standard

Fed. R. Civ. P. 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.
> A motion filed under Rule 60(b) "must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Fed. R. Civ. P. 60(c)(1).

    2.  This Motion is Timely Pursuant to Fed. R. Civ. P. 60

The Court dismissed this matter on March 23, 2021. Plaintiffs' counsel files the instant motion 16 days from entry of the dismissal. Accordingly, this motion is made within a reasonable time pursuant to Fed. R. Civ. P. 60(b). Defendants will not be prejudiced by allowing the case to be heard.

    3.  Plaintiffs' Counsel's Neglect, Mistake and Inadvertence was Excusable

Excusable neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 388 (1993).

Plaintiffs' Counsel had to deal with the tragic passing of his father during the time the Motion to Dismiss was filed. Accordingly, he missed the email alerts showing the case updates from the

1  PACER filing system. Further, Counsel was supporting his Mother and trying to prepare and execute

2  a live Jury Trial in Sacramento County [People v. Paul Burraston.]

3  Plaintiffs' counsel learned of the Motion to Dismiss when the Court issued its February 26,

4  2021 Order. Plaintiffs' counsel thereafter emailed Defendants' counsel and completed the ADR

5  certification filing. Plaintiffs' Counsel prepared the two-page OSC response in accordance with the

6  Court's order and directed it to be filed on March 19, 2021. Office staff for Plaintiffs' counsel

7  confirmed to Counsel via phone that the response was filed. However, the office staff had confused

8  the filing of the ADR certification with the filing of the OSC response and given Counsel a false

9  confirmation for filing the OSC response. Plaintiffs' counsel did not ascertain the true nature of the

10  office staff's actions until April 6, 2021, after the Court filed the second Order to Show Cause.

11  Accordingly, Plaintiffs' counsel, learning via the first Order to Show Cause that he had missed

12  the deadline for the Motion to Dismiss, took all reasonable steps thereafter to make all filings pursuant

13  to the Court's order. His mistake, neglect and inadvertence leading to the instant damage to Plaintiffs'

14  case is therefore excusable. Plaintiff's counsel sincerely apologizes and urgently requests that the

15  Court not penalize Plaintiffs for Counsel's oversight.

16  4.  The Court Should Allow the Case to Be Heard on its Merits in the interest of Justice

17  The Courts have long held a strong preference to hearing cases on their merits. In Newgen,

18  LLC. v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) the Court noted "the general rule that

19  default judgments are ordinarily disfavored." The Court noted the same in Rodriguez v. Village Green

20  Realty, LLC, 788 F.3d 31, 47 (2d. Cir. 2015) (citing Cargill, Inc. v. Sears Petroleum & Transp. Corp.,

21  334 F. Supp. 2d 197, 247 (NDNY 2014).

22  The parties have filed ADR certifications, and Plaintiffs' Counsel has filed herewith a copy of

23  the response to the OSC. The response itself indicated non-opposition to dismissal as to the filing

24  defendants. Plaintiffs need only maintain their action against the Modesto public entity defendants.

25  With less than 7 months elapsed since the filing of the complaint, the Modesto defendants will not be

26  prejudiced by allowing the case to be heard. Moreover, the Modesto defendants did not join in the

27  Motion to Dismiss or file a reply, indicating to the Court and Counsel that the Modesto defendants

28

LAW OFFICE OF
STEVE WHITWORTH

Motion to Vacate Dismissal

acknowledge some liability and expected the action to be maintained. As the facts show, there is definite cause for this case to be heard on the merits - Plaintiff was wrongfully detained due to the failure of the Modesto defendants, and the mistake and inadvertence of Plaintiffs' counsel should not prevent this important issue from being heard.

**C. <u>Conclusion</u>**

Plaintiff's counsel sincerely apologizes and urgently requests that the Court not penalize Plaintiffs for Counsel's oversight. For the reasons stated above, Plaintiffs pray that the Court grant their Motion and issue and Order Vacating the Dismissal of this action as to Defendants Modesto Police Department and City of Modesto.

Respectfully submitted this 9th day of April, 2021,

/s/ *Steve Whitworth*
Steve Whitworth, Esq.
Attorney for Plaintiffs PAL HARI and
PRIYA DEVI