**LAW OFFICE OF STEVE WHITWORTH**
Steve Whitworth [SBN: 249111]
9245 laguna Springs Dr., Suite 200
Elk Grove, CA 95758
 [Tel]: 916.668.5970
 [Fax]: 916.668.5971
steve@stevewhitworth.com

Attorney for Plaintiffs:
**PAL HARI, JR., and PRIYA DEVI**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARI PAL, Jr., and PRIYA DEVI,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>　　　　　　　Defendants. | Case No. 20-cv-06523-HSG<br><br>**NOTICE AND MOTION TO TRANSFER VENUE PURSUANT TO FED. R. Civ. P. 1404; MEMORANDUM IN SUPPORT**<br><br>Date:　　　JULY 22, 2021<br>Time:　　　2:00 pm<br>Courtroom: 4, 3rd Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

## I. NOTICE AND MOTION

PLEASE TAKE NOTICE THAT on (JULY 22, 2021) at (2:00 pm ) at Courtroom 4 before the Honorable Judge Haywood S. Gilliam, Jr., Plaintiffs PAL HARI, JR., and PRIYA DEVI, by and through their counsel, will, and hereby do, move this Court for an Order Transferring Venue / Jurisdiction to establish proper jurisdiction on the current procedural stance of the case because of the anticipated remaining defendant(s) associated with the County of Stanislaus and various relevant entities associated with the City of Modesto.

## II. ISSUES TO BE DECIDED

1. Is Proper Jurisdiction for the potential remaining Defendants [ City of Modesto *et al* ] The United States District Court - Northern District of California or the California Eastern District?

## III. STATEMENT OF FACTS
## AND
## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Statement of Facts

On September 17, 2020, Plaintiffs filed the complaint in this matter seeking recompense for the unwarranted arrest and detention of Plaintiff, caused by the failure of the Modesto Police Department to update the CLETS database in accordance with their normal job duties. Modesto is a City in Stanislaus County that is located geographically in the United States District Court California Eastern District.

Defendants City and County of San Francisco and County of San Mateo were named due to their hands-on involvement, in order to preserve Plaintiffs' rights until a full investigation could be completed. San Mateo County and San Francisco are located geographically in the United States District Court California Northern District.

On December 31, 2021, Defendant San Francisco filed a motion to dismiss.

On DATE, the father of Plaintiff's counsel passed away, and counsel was understandably absorbed in the end-of-life process and personal grief for a short duration.

However, that duration was ill-timed for Plaintiffs' case and coincided with the response time for Defendant's motion to dismiss filed on December 31, 2020.

Due to his family emergency, Plaintiffs' Counsel was unfortunately unaware of the filing and response deadline for the Motion to Dismiss. The email was missed and not reviewed until much too late.

Plaintiffs' counsel missed the filing deadline for the Motion to Dismiss, and on February 26, 2021, the Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute.

The deadline to respond to the Order was set for March 19, 2021.

Beginning on February 26, 2021, Plaintiffs' counsel was conducting a criminal trial in a complex, multi-victim, "Life" sexual assault case.

The criminal trial ended on March 23, 2021.

On March 12, 2021, Plaintiffs' counsel emailed Defendants' counsel to apologize for the lack of communication and explain that he was in trial.

On March 15, 2021, Plaintiff's counsel prepared a two-page response in accordance with the Court's Order to Show Cause stating the facts of his father's passing (attached as EXHIBIT 1 to the concurrently filed declaration of Steve Whitworth, Esq.).

The response did not oppose dismissal as to the filing Defendants and sought only to maintain the complaint as to the Modesto Defendants.

On March 17, 2021, Plaintiffs' Counsel prepared and directed his office staff to file the ADR certification, which was successfully filed that same day.

On March 19, 2021, Plaintiffs' counsel directed his office staff to file the response the same day. Said office staff confirmed via phone to Counsel that the filing had been completed that day.

In fact, office staff for Plaintiffs' Counsel did not file the document.

On March 23, 2021, the Court dismissed the case for failure to prosecute.

On March 30, 2021, Plaintiffs' counsel and office staff filed declarations attempting to explain the trial schedule of Plaintiffs' counsel and apologizing for missing the filing deadlines.

Thereafter, Plaintiffs' Counsel learned that his office staff had confused the filing of the OSC response with the filing of the ADR certification and provided a mistaken confirmation to Plaintiffs' Counsel regarding the filing of the OSC response.

On April 6, 2021, the Court issued an Order to Show Cause as to why Plaintiffs' counsel should not be referred to the Committee on Professional Ethics.

During the executed hearing it was presented that this case if the Defendants located in the Northern were ultimately to be released by current Court order or by dismissal by the Plaintiff, etc. That a change of venue motion should be executed.

Attorney Whitworth has attempted to meet and confer with City Counsel of Modesto and will continue to attempt to meet and confer for a stipulation for the change of Venue.

### B. Argument

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

"Before a court may transfer venue under 28 U.S.C. § 1404, it must find that: (i) the action is one that might have been brought in the transferee court and (ii) the convenience of the parties and the interest of justice favor the transfer." Thermolife Int'l, LLC v. Vital Pharm., Inc., No. CV142449RSWLAGRX, 2014 WL 12235190, at *2 (C.D. Cal. Aug. 15, 2014).

The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

Here, the potential remaining Defendants actually are or likely to be the County of Stanislaus, City of Modesto, and City of Modesto Police Department, and the City of Modesto Sheriff Department.  Because of this the case could have originally been filed in the United States District Court Eastern District of California.

Thus, all originating documents, witness(es), and a substantive amount of other evidence for or against any party would lay within the geographic confines of the United States District Court California Eastern Division as Stanislaus County is geographically located within this District.

Lastly, because The City of San Mateo and San Francisco, *et al* will no longer be Defendants in the case it appears that it is in the interests of justice and the remining actual or potential defendants and the plaintiffs that the case be moved to The California Eastern District.

C. **Conclusion**

Thus, Plaintiff's request that The United State District Court Northern District transfer this case to the United States District Court California Eastern District as all potential remaining Defendants and the Plaintiff are located geographically within the confines of the California Eastern district.

Attorney Whitworth has attempted to meet and confer with City Counsel of Modesto and will continue to attempt to meet and confer for a stipulation for the change of Venue. This will be attempted for efficiency and to potentially remove this from calendar for judicial economy.

Respectfully submitted this 23rd day of April, 2021,

/s/ *Steve Whitworth*
Steve Whitworth, Esq.
Attorney for Plaintiffs PAL HARI and
PRIYA DEVI